UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No. _____- Civ (Judge _____)

KeyBank National Association, successor by merger to KEY EQUIPMENT FINANCE,

    Plaintiff,

v.

LODGE CONSTRUCTION, INC. and CABOT L. DUNN JR.

    Defendants.

## COMPLAINT

Plaintiff KeyBank National Association, successor by merger to Key Equipment Finance, for its Complaint against Lodge Construction, Inc. and Cabot L. Dunn Jr. (collectively, "Defendants"), alleges and states as follows:

## PARTIES

1. KeyBank National Association, successor by merger to Key Equipment Finance, ("KeyBank" or "Plaintiff") is a company organized and existing pursuant to the laws of the State of Ohio, having its principal place of business at 127 Public Square, Cleveland, OH 44114.

2. Lodge Construction, Inc. ("Lodge") is a company organized and existing pursuant to the laws of the State of Florida, having its principal place of business at 2161 McGregor Blvd., Ste. A & B, Fort Myers, Florida 33901.

3. Cabot L. Dunn Jr. ("Dunn") is an individual who is domiciled in and a citizen of the State of Florida, residing specifically at 39331 Washington Loop Road, Punta Gorda, Florida 33982.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is diversity in citizenship and there is an amount in controversy that exceeds $75,000.

5. This judicial district is the proper venue for this proceeding pursuant to 28 U.S.C. §1391(b)(2), as one of the Defendants resides, lives, or does business in the Middle District of Florida.

**STATEMENT OF FACTS**

6. On or about February 24, 2011, Lodge executed and delivered to KeyBank a Master Security Agreement ending in 1770 ("Master Agreement") wherein KeyBank agreed to finance the purchase of certain construction equipment ("Equipment") identified in separate Collateral Schedules if Lodge promised to pay the balances identified in each Schedule plus fees, applicable tax, and interest thereon ("Indebtedness"). A true and correct copy of the Master Agreement is attached hereto as **Exhibit A**, and incorporated herein by reference.

7. On or about February 24, 2011, Lodge executed and delivered to KeyBank a Promissory Note ("Note No. 1") and Collateral Schedule ending in 6211 ("Schedule No. 1") wherein KeyBank agreed to finance the purchase of certain Equipment identified in Schedule A to Schedule No. 1 if Lodge promised to pay the balance of $384,143.74 plus fees, applicable tax, and interest thereon ("Indebtedness"). A true and correct copy of Note No. 1 and Schedule No. 1 is attached hereto as **Exhibit B**, and incorporated herein by reference.

8. On or about April 13, 2012, Lodge executed and delivered to KeyBank a Promissory Note ("Note No. 2") and Collateral Schedule ending in 7158 ("Schedule No. 2") wherein KeyBank agreed to finance the purchase of certain Equipment identified in Schedule A to Schedule No 2. if Lodge promised to pay the balance of $332,513.30 plus fees, applicable tax,

and interest thereon ("Indebtedness").  A true and correct copy of Note No. 2 and Schedule No. 2 is attached hereto as **Exhibit C**, and incorporated herein by reference.

9. On or about May 21, 2012, Lodge executed and delivered to KeyBank a Promissory Note ("Note No. 3") and Collateral Schedule ending in 7225 ("Schedule No. 3") wherein KeyBank agreed to finance the purchase of certain Equipment identified in Schedule A to Schedule No. 3 if Lodge promised to pay the balance of $128,726.40 plus fees, applicable tax, and interest thereon ("Indebtedness"). A true and correct copy of Note No. 3 and Schedule No. 3 is attached hereto as **Exhibit D**, and incorporated herein by reference.

10. On or about February 17, 2011, Dunn induced KeyBank to advance the Indebtedness to Lodge by executing and delivering his Continuing Guaranty ("Guaranty") to KeyBank. A true and correct copy of the Guaranty is attached hereto as **Exhibit E**, and incorporated herein by reference.

11. Pursuant to the Guaranty, Dunn

> "absolutely unconditionally and irrevocably guarantee[d] to KeyBank the full and prompt payment and performance…of all [Lodge's] Obligations…including, without limitation, the payment when due of all payments (including, without limitation, principal and interest due on the indebtedness) and all other sums currently or hereafter owing by [Lodge] to KeyBank… including costs, expenses and attorneys fees incurred by KeyBank in connection therewith."

*See* **Exhibit E**.

12. Pursuant to paragraph 15 of the Master Agreement, Lodge would be in default of the Agreement if Lodge or any guarantor fails to pay any amount within ten days of the due date ("Default"). *See* **Exhibit D ¶15**.

13. Pursuant to paragraph 15 of the Master Agreement,

> "[u]pon the occurrence of any Default, KeyBank may declare any or all of the Secured Obligations to be immediately due and payable, without demand or notice to [Lodge] or any Guarantor, and… KeyBank may do any one or more of the following… enter upon the premises of [Lodge] or other  premises where any Collateral may be located and, without notice to [Lodge] and with or without legal process, take possession of and

remove all or any such Collateral without liability to [Lodge] by reason of such entry or taking possession…sell the Collateral at public or private sale…[Lodge] shall be liable for all reasonable costs, expenses, and legal fees incurred in enforcing KeyBank's rights under this Agreement."

See **Exhibit D** ¶15.

**Schedule No. 1**

14.  Pursuant to the Promissory Note corresponding to Schedule No. 1 ("Note No. 1"), Lodge agreed to pay to KeyBank the Schedule No. 1 loan amount in forty-eight (48) installments of $8,820.48. See **Exhibit B**.

15.  To secure the performance on Schedule No. 1, Lodge granted to KeyBank a first-priority security interest in the equipment described in Schedule A as follows: 2006 Hitachi Z800 Excavator; Serial Number FF017VQ006630 ("Collateral 1"), and 2007 John Deere 450DLC Excavator; Serial Number FF450DX913338 ("Collateral 2"). See **Exhibit B** p. 3.

16.  Pursuant to Schedule No. 1, Lodge warranted that all of the Equipment identified in Schedule A of Schedule No. 1 was delivered. See **Exhibit B** p. 4.

17.  Between January 16, 2015 and July 27, 2021, a Forbearance Agreement followed by eleven (11) amendments of same were entered into by Lodge and KeyBank.

18.  On or about February 1, 2022, Lodge defaulted under the terms of the Master Agreement by failing to make payment.

19.  On or about May 16, 2022, KeyBank, through counsel, demanded payment of the Indebtedness from Defendants. A true and correct copy of the Demand Letter is attached as **Exhibit F**, and incorporated herein by reference.

20.  More than ten (10) days have passed since the demand was made and KeyBank has not received payment on the Indebtedness from Defendants.

21. As a result of Defendants' Default, KeyBank has suffered damages in the amount of $963,975.72 and continues to suffer damages plus costs and reasonable attorneys' fees.

**Schedule No. 2**

22. Pursuant to the Promissory Note corresponding to Schedule No. 2 ("Promissory Note 2"), Lodge agreed to pay to KeyBank the Schedule No. 2 loan amount in forty-eight (48) installments of $7,591.45. *See* **Exhibit C**.

23. To secure the performance on Schedule No. 2, Lodge granted to KEYBANK a first-priority security interest in the equipment described as follows: 4 6" Hydraulic Trash Pumps with drive units and hoses; Serial Number 10517 ("Collateral 1"), 4 12" Hydraulic Sub Pump Heads ("Collateral 2"); 1 Caterpillar Model D5K LGP Crawler Tractor, Serial Number YYY00175 ("Collateral 3"), and 12" flange adapter, 12" IPS epoxy coated bolt ring, 12" standard zinc bolt kit, (2) 12" x 40' IPS DR 17 PE4710 F714 Black hdpe pipe, 12" x 40' IPS DR17 PE3608 F714 black hdpe pipe ("Collateral 4"). *See* **Exhibit C** p. 3.

24. Pursuant to Schedule No. 2, Lodge warranted that all of the Equipment identified in Schedule A of Schedule No. 2 was delivered. *See* **Exhibit C** p. 4.

25. On or about February 1, 2022, Lodge defaulted under the terms of the Agreements by failing to make payment.

26. On or about May 16, 2022, KeyBank, through counsel, demanded payment of the Indebtedness from Defendants. A true and correct copy of the Demand Letter is attached as **Exhibit F**, and incorporated herein by reference.

27. More than ten (10) days have passed since the demand was made and KeyBank has not received payment on the Indebtedness from Defendants.

28. As a result of Defendants' Default, KeyBank has suffered damages in the amount of $1,043,395.42 and continues to suffer damages plus costs and reasonable attorneys' fees.

**Schedule No. 3**

29. Pursuant to the Promissory Note corresponding to Schedule No. 3 ("Promissory Note 3"), Lodge agreed to pay to KeyBank the Schedule No. 3 loan amount in forty-eight (48) installments of $2,938.31. *See* **Exhibit D**.

30. To secure the performance on Schedule No. 3, Lodge granted to KeyBank a first-priority security interest in the equipment described as follows: Four 2400D skid-mounted Hydraulic Drive Units; Serial Numbers 10521, 12151, 12150, and 15106 ("Collateral 1"). *See* **Exhibit D** p. 3.

31. On or about February 1, 2022, Lodge defaulted under the terms of the Agreements by failing to make payment.

32. On or about May 16, 2022, KeyBank, through counsel, demanded payment of the Indebtedness from Defendants. A true and correct copy of the Demand Letter is attached as **Exhibit F**, and incorporated herein by reference.

33. More than ten (10) days have passed since the demand was made and KeyBank has not received payment on the Indebtedness from Defendants.

34. As of July 20, 2022, Lodge and Dunn owed KeyBank the following amount:

   a. Principal balance: $688,253.29

   b. Proceeds from sale of collateral: ($132,381.02)

   c. Florida litigation settlement proceeds: ($180,000.00)

   d. Accrued interest: $605,821.33

   **Outstanding Balance Due: $1,043,395.42**

35. As a result of Defendants' Default, KeyBank has suffered damages in the amount of $1,043,395.42 and continues to suffer damages plus costs and reasonable attorneys' fees.

### FIRST CAUSE OF ACTION
(Breach of Contract)
As Against Defendant Lodge Construction, Inc.

36. KeyBank hereby incorporates each and every allegation contained in Paragraphs 1 through 34 as if each was fully set forth at length herein.

37. Lodge has breached the terms of the Master Agreement by failing to make payments when due thereunder, and is therefore in default for failure to pay.

38. KeyBank has performed all obligations owed to Lodge, except those obligations KeyBank was prevented or excused from performing as a result of Lodge's defaults and breaches.

39. As a direct result of Lodge's breach of its contractual obligations, KeyBank has suffered damages in the amount of $1,043,395.42, plus accruing interest, attorneys' costs and fees.

### SECOND CAUSE OF ACTION
(Breach of Contract)
As Against Defendant Cabot L. Dunn Jr.

40. KeyBank hereby incorporates each and every allegation contained in Paragraphs 1 through 38 as if each was fully set forth at length herein.

41. As a result of Lodge's breach of its payment obligation pursuant to the Master Agreement, KeyBank has made demand upon Dunn for payment of all amounts due and owing under his Guaranty, and Dunn has refused to fulfill his obligations and responsibilities under the Guaranty.

42. Accordingly, Dunn has breached his obligation under the Guaranty, and in doing so has caused KeyBank to suffer pecuniary damages.

43. By executing the Guaranty, Dunn expressly agreed to, and is so obligated, to pay KeyBank's reasonable attorneys' fees and the costs of any action instituted to collect upon the default of Lodge.

44. As a direct result of Dunn's default on the Guaranty, and pursuant to the terms of the Master Agreement, as of July 27, 2021 there is due and owing from Dunn the amount of $1,043,395.42, plus accruing interest, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, KeyBank National Association, respectfully requests that this Court enter judgment against Defendants Lodge Construction, Inc. and Cabot L. Dunn Jr., jointly and severally, as follows:

1. For damages in the minimum amount of $1,043,395.42, plus accruing interest including post-judgment interest at the legal rate of interest;

2. For attorneys' fees and costs of suit according to proof as provided for by written agreement; and

3. For such other relief as this Court finds equitable and just.

Date: August 5, 2022

        **WONG FLEMING, P.C.**
*Attorneys for Plaintiff KeyBank National Association*

By: */s/ Aidaelena Valdes, Esq.*
    Aidaelena Valdes, Esq.
    FL Bar No.: 125150
    821 Alexander Road, Suite 200
    Princeton, NJ 08543
    Tel: (609) 951-9520
    Fax: (609) 951-0270
    Email: avaldes@wongfleming.com
    Secondary Email: dstokes@wongfleming.com