UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No. 2:22-cv-00475- JLB-NPM Civ (Judge _____)

| | |
|---|---|
| KeyBank National Association, successor by merger to KEY EQUIPMENT FINANCE,<br><br>        Plaintiff,<br><br>v.<br><br>LODGE CONSTRUCTION, INC. and CABOT L. DUNN JR.,<br><br>        Defendants. | **DECLARATION OF AIDAELENA VALDES IN SUPPORT OF MOTION FOR DEFAULT FINAL JUDGMENT AGAINST LODGE CONSTRUCTION, INC., AND CABOT L. DUNN, JR.** |

I, Aidaelena Valdes, declare and say:

1.    I am a member of the Bar of this Court and an associate attorney with the firm of Wong Fleming PC, attorneys representing Plaintiff, KeyBank National Association, successor in interest to Key Equipment Finance ("KeyBank"), in this action and am familiar with all the facts and circumstances in this action.

2.    I make this declaration pursuant to Federal Rules of Civil Procedure 55, in support of Plaintiff KeyBank's Motion for Final Default Judgment Against Defendants Lodge Construction, Inc. ("Lodge"), and Cabot L. Dunn, Jr. ("Dunn") (hereinafter collectively "Defendants").

3.    Paragraph 21 of the February 15, 2011, Master Lease Agreement ("Master Agreement") entered into by KeyBank and Lodge states:

> Each of the loan documents is being delivered in, and shall be governed by and construed in accordance with the laws of, the State of New York, including all matters of construction, validity, and performance, without giving effect to any choice of law or conflict of laws rules of such state. KEF and [Lodge] hereby each waive their respective rights to trial by jury or any claim or cause of action based

> upon or arising out of or related to the collateral or the loan documents. objections to the jurisdiction of such courts and waives any argument that venue in any such forum is not convenient[.]
> **[Pls Compl. Ex. A**, ¶ 21.]

4. Paragraph 8 of the February 17, 2011, Continuing Guaranty ("Guaranty") entered into by KeyBank and Cabot L. Dunn, Jr. states:

> This Guaranty shall be governed by and construed in accordance with the laws of the State of New York, without regard to any conflicts of laws principles of such state.
> **[Pls Compl. Ex. E**, ¶ 8.]

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity in citizenship and there is an amount in controversy that exceeds $75,000 exclusive of interests and costs.

6. This matter involves a breach of contract and breach of guaranty involving a company to finance the purchase of certain equipment, along with the personal guaranties of the individual defendants. KeyBank performed its obligation by lending Lodge and Dunn the money to acquire the equipment under Schedule 1, Schedule 2, and Schedule 3.

7. On August 5, 2022, KeyBank commenced this action by filing the Summons and Complaint (ECF No.1). A true and correct copy of the Summons and Complaint are attached hereto and incorporated by reference as **Exhibit A.**

8. On December 12, 2022, KeyBank effectuated service of the Summons and Complaint upon Defendant Lodge by personal service on Registered Agent and upon Defendant Dunn as indicated by the Affidavits of Service filed on December 19, 2022 (ECF No. 14). A true and correct copy of the Affidavit of Service is attached hereto and incorporated by reference as **Exhibit B.**

9. Lodge's Answer to the Complaint was due on January 2, 2023.

10. Lodge failed to answer, respond or otherwise appear following service within the time allowed by law.

11. Lodge did not seek an extension of time to answer the Complaint, or otherwise respond or appear.

12. On January 26, 2023, the Clerk of Court entered default (ECF No. 16) against Defendant Lodge, per KeyBank's request, for failure to answer the Complaint or otherwise respond or appear. A true and correct copy of the Clerk's Certificate stating that no answer has been filed is attached hereto and incorporated by reference as **Exhibit C.**

13. On December 12, 2022, KeyBank effectuated service of the Summons and Complaint upon Mr. Dunn, by personal service on Cabot L. Dunn Jr., as indicated by the Affidavits of Service filed on December 19, 2022, (ECF No. 14). A true and correct copy of the Affidavit of Service is attached hereto and incorporated by reference as **Exhibit B.**

14. Mr. Dunn's Answer to the Complaint was due on January 2, 2023.

15. Mr. Dunn failed to answer, respond or otherwise appear following service within the time allowed by law.

16. Mr. Dunn did not seek an extension of time to answer the Complaint, or otherwise respond or appear.

17. On January 26, 2023, the Clerk of Court entered default (ECF No. 17) against Mr. Dunn, per KeyBank's request, for failure to answer the Complaint, or otherwise respond or appear. A true and correct copy of the Clerk's Certificate stating that no answer has been filed is attached hereto and incorporated by reference as **Exhibit C.**

18. Defendants are not minors, are not mentally incompetent and are not in the military service of the United States. An Affidavit pursuant to the Servicemembers Civil Relief Act is being filed simultaneously herewith.

19. Notice of this Motion for Final Default Judgment has been sent to the Defendants via first-class mail.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 8, 2023                    **WONG FLEMING**

                                                 //s//Aidaelena Valdes
                                                 Aidaelena Valdes, Esquire
                                                 Wong Fleming PC
                                                 821 Alexander Rd Suite 200
                                                 Princeton, NJ 08540
                                                 Ph: (609)951-9520
                                                 Fax (609)951-0270
                                                 Email: avaldes@wongfleming.com
                                                 *Attorneys for Plaintiff KeyBank National Association*