UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEYBANK NATIONAL ASSOCIATION,
successor by merger to
KEY EQUIPMENT FINANCE,

      Plaintiff,

v.                                          2:22-cv-475-JLB-NPM

LODGE CONSTRUCTION, INC.
and CABOT L. DUNN, JR.,

      Defendants.

---

## REPORT AND RECOMMENDATION

Plaintiff KeyBank National Association requests a default judgment against defendants Lodge Construction, Inc., and Cabot L. Dunn, Jr. They were previously defaulted for failing to answer or otherwise defend. (Docs. 16, 17). And though KeyBank mailed copies of the default-judgment motion to Lodge's registered agent and to Dunn (Doc. 21), the response time has long since lapsed without any word from the defendants. Leaving costs to be taxed by the clerk, the motion should be granted in part.

## I.    Background

This is a breach-of-contract action. On February 15, 2011, Lodge executed and delivered to KeyBank a Master Security Agreement ("master agreement") that set the terms and conditions regarding KeyBank's agreement to finance the purchase

of certain construction equipment based upon Lodge's promise to repay the loan plus fees, applicable tax, and interest. (Doc. 1-1). Based on Lodge's indebtedness, three promissory notes ("the notes") were executed for the total principal amount of $845,383.44.[1] (Docs. 1-2, 1-3, 1-4). Additionally, Dunn executed a continuing guaranty agreement ("guaranty agreement") for Lodge's indebtedness on February 17, 2011, "absolutely unconditionally and irrevocably guarantee[ing] to [KeyBank] the full and prompt payment and performance. . . of all [Lodge's] obligations." (Doc. 1-5). Under the terms of the notes, Lodge promised to make monthly installment payments as and when the payments came due. (Doc. 1-2 at 2; Doc. 1-3 at 2; Doc. 1-4 at 2). And the master agreement provided that the failure to pay an installment or other amount due under any of the notes within ten days of the due date constitutes a default. (Doc. 1-1 ¶ 15(a)).

By May 1, 2014, Lodge defaulted on the notes. (Doc. 30). Between January 2015 and July 2021, a forbearance agreement and eleven successive amendments were entered into by Lodge and KeyBank, during which interest continued to accrue. (Doc. 1 ¶ 17; Doc. 19-1 ¶ 16). However, as of February 1, 2022, Lodge failed to

---

[1] The first promissory note, dated February 24, 2011, provides that Lodge is indebted to KeyBank for the principal amount of $384,143.74 for equipment identified in collateral schedule no. 1. (Doc. 1-2). On April 13, 2012, a second promissory note was executed by Lodge—stating that it is indebted to KeyBank for the principal amount of $332,513.30 for equipment identified in collateral schedule no. 2. (Doc. 1-3). A third promissory note was executed by Lodge on May 21, 2012, which provides that Lodge is indebted to KeyBank for the principal amount of $128,726.40 for equipment identified in collateral schedule No. 3. (Doc. 1-4).

comply with the forbearance agreement. (Doc. 1-1 ¶ 15). On May 16, 2022, KeyBank sent defendants a notice of default demanding payment of the indebtedness under all three notes and the guaranty. (Doc. 1 ¶¶ 19, 26, 32; Doc. 1-6). Defendants did not respond to KeyBank's demand. (Doc. 1 ¶¶ 20, 27, 33).  As a result, KeyBank has suffered and continues to suffer damages. (*Id.* at ¶ 35).

## II.    Legal Standard

When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). "Because of our strong policy of determining cases on their merits, however, default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-1245 (11th Cir. 2015). So, "there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment." *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982). Therefore, the court must first review subject-matter jurisdiction, personal jurisdiction, service of process, and whether the complaint states a claim upon which relief may be granted before entering judgment. *See Winfield Sols., LLC v. DeAngelo Bros., LLC*, No. 3:21-cv-1280-BJD-LLL, 2022 WL 3136840, *1 (M.D. Fla. July 1, 2022), *report and recommendation adopted*, 2022 WL 3646084 (Aug. 8, 2022).

### III.    Analysis

In terms of subject-matter jurisdiction over the action, KeyBank sufficiently alleges diversity jurisdiction under 28 U.S.C. § 1332(a)(1). KeyBank is a citizen of Ohio (Doc. 1 ¶ 1), defendants are citizens of Florida (Doc. 1 ¶¶ 2, 3), and the amount in controversy exceeds $75,000. (Doc. 1 ¶¶ 4, 35). Personal jurisdiction over defendants exists because Dunn[2] is domiciled in Florida and Lodge has its principal place of business and is incorporated in Florida. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The defendants were properly served with process. (Doc. 14). And because they failed to answer, they have admitted all non-frivolous allegations in the complaint, except those going to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6).

Default judgment is warranted when there is a sufficient basis in the pleadings for judgment to be entered. *Surtain*, 789 F.3d at 1245. When evaluating the sufficiency of the alleged facts, a court looks to whether the complaint contains sufficient factual matter that, when accepted as true, states a claim for relief that is plausible on its face. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

---

[2] Dunn is not a minor and there is no indication that he is incompetent. (Doc. 18 at 4). Moreover, KeyBank has supplied an affidavit under the Servicemembers Civil Relief Act, 50 U.S.C.A. § 501 *et seq.*, demonstrating that Dunn is neither in military service nor otherwise exempt from default judgment. (Doc. 25). As such, Dunn is not disqualified from having default judgment entered against him.

The master agreement and the guaranty agreement between KeyBank and defendants contain choice-of-law provisions providing that New York law governs the agreements.[3] (Doc. 1-1 ¶ 21; Doc. 1-5 ¶ 8). "[U]nder New York law a breach of contract claim requires: '(1) the existence of a contract, (2) performance by the party seeking recovery, (3) non-performance by the other party, and (4) damages attributable to the breach.'" *Signature Financial, LLC v. Motorcoach Class "A" Trans., Inc.*, No. 6:21-cv-729-PGB-DCI, 2022 WL 3646103, *6 (M.D. Fla. June 16, 2022) (citing *Schlessinger v. Valspar Corp.*, 817 F. Supp. 2d 100, 105 (E.D.N.Y. 2011)). S*ee also PNC Bank, N.A. v. Healey Plumbing, Inc.*, No. 19-cv-60068, 2019 WL 3890858, *2 (S.D. Fla. June 6, 2019) ("The same elements required to prove a breach of contract claim must be established to successfully allege a breach of guaranty claim.").

Here, the complaint contains sufficient factual allegations to support these elements. KeyBank alleges that the parties have contracts—the master agreement, three promissory notes, and the guaranty agreement—and KeyBank has attached the

---

[3] Florida courts generally enforce contractual choice-of-law provisions unless the law of the chosen forum "contravenes strong public policy." *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 306, 311 (Fla. 2000). Furthermore, "[a] choice of law provision in a contract 'is presumed valid until it is proved invalid.'" *Suntrust Equip. Fin. & Leasing Corp. v. BlueChip Power, LLC*, No. 6:13-cv-657-Orl-41KRS, 2014 U.S. Dist. LEXIS 139756, *12-13 (M.D. Fla. Sept. 11, 2014) (citation omitted). Here, defendants have defaulted, and as such have not challenged the choice-of-law provision in the contracts. Furthermore, KeyBank does not argue, nor has it shown, that the choice-of-law provisions in the notes and guaranty agreement are invalid or that New York law contravenes strong public policy. Accordingly, New York substantive law applies.

signed contracts to the complaint. (Docs. 1-1–1-5). KeyBank alleges that it performed its obligations under the contracts by lending defendants the money to purchase the construction equipment identified under each collateral schedule, and that defendants breached the contracts by failing to pay monthly payments. Because of their default, defendants are deemed to have admitted these sufficient allegations. So the court finds defendants are liable to KeyBank for breach of contract.

The court also "has an obligation to assure that there is a legitimate basis for any damage award it enters. . .." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). And a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, KeyBank requests entry of a final default judgment against defendants in the amount of **$1,170,951.06 (plus $218.79 in prejudgment interest for each day <u>after</u> the entry of this R&R)**, which was calculated based on a principal balance owed of $555,827.27[4] and a default interest rate of eighteen percent,[5] which began to accrue

---

[4] Initially, the balance owed from each of three notes executed by defendants was $688,253.29 ($252,982.40 + $309,699.95 + $125,570.94 = $688,253.29). (Doc. 1 at 6; Doc. 30 at 7). But after subtracting proceeds from the sale of the equipment (Hitachi Excavator and Cat D5 Tractor) in the amount of $132,381.02, the remaining principal balance as of May 1, 2014, equaled $555,872.27.

[5] In the master security agreement, the parties agreed—in clear, unambiguous and unequivocal language—that in the event of a default and acceleration of the amounts due, interest would accrue "both before and after any judgment" until paid in full "at the Default Rate." (Doc. 1-1 at 5). *See Walker v. Life Ins. Co. of N. Am.*, 59 F.4th 1176, 1195 (11th Cir. 2023) (holding that parties may contractually agree—using "'clear, unambiguous and unequivocal' language—to displace statutory post-judgment interest rates under 28 U.S.C. § 1961 and "specify some other post-judgment interest rate.") (citation omitted). And the Default Rate is defined as "the lesser of eighteen percent per annum or the maximum rate permitted by law." (Doc. 1-1 at 5). Because the

on May 1, 2014—the date of the first occurrence of default. A more specific

breakdown of the default judgment amount follows:

- For the period between **May 1, 2014 and December 18, 2014**, KeyBank multiplied the principal balance and the default rate per diem ($555,872.27 x 18% / 360 days = $277.94), leaving an accrued interest of $61,701.82 ($277.94 x 222 days = $61,701.82). Adding the accrued interest to the principal amount equaled **$617,574.09** ($555,872.27 + $61,701.82 = $617,574.09).

- On or about **December 18, 2014**, KeyBank received insurance settlement proceeds in the amount of $180,000 ($617,574.09 – $180,000 = $437,574.09), which reduced the balance as of this date—including the pre-judgment interest of $617,574.09—and left a balance of **$437,574.09**.

- For the period between **December 18, 2014 and July 20, 2021**, KeyBank multiplied the principal balance and default rate per diem ($437,574.09 x 18% / 360 days = $218.79), leaving an accrued interest of $526,401.63 (218.79 per diem x 2,406 days = $526,401.63). Adding the accrued interest to the principal balance equaled **$963,975.72** ($526,401.63 + $437,574.09 = $963,975.72) as of July 20, 2021.

- KeyBank continued to apply the per diem default rate of $218.79 between **July 21, 2021 through February 21, 2024**, which totaled $206,975.34 in accrued interest.  Adding the accrued interest to the previous balance equaled **$1,170,951.06** ($206,975.34 + $963,975.72 = $1,170,951.06).

(Doc. 30 at 7-8).

In short, the damages sought are well supported by the master agreement,

promissory notes, affidavits supplied in support of the motion for default judgment,

and the briefing. (Docs. 19-1, 19-3–19-7, 30). *See Signature Fin. LLC v. Lindsay*,

---

maximum interest rate under New York usury laws on a commercial loan is generally twenty-five percent (and any usury defense appears unavailable to these defendants, *see* Doc. 30 at 5-6), KeyBank correctly used the rate of eighteen percent to calculate prejudgment interest, and post-judgment interest should continue to accrue at the same rate.

No. 8:22-cv-1906-VMC-AAS, 2022 WL 17823908, *3 (M.D. Fla. Nov. 28, 2022),

*report and recommendation adopted*, 2022 WL 17820391 (Dec. 20, 2022)

("Damages may only be awarded if the record adequately reflects the basis for the

award, which can be shown with submission of detailed affidavits establishing the

facts necessary to support entitlement to the damages requested." (citation omitted)).

Defendants agreed "to pay all reasonable costs and expenses of [KeyBank],

including, without limitation, attorneys' and other professional fees . . . and all other

costs and expenses related to any sale or lease of Equipment incurred by [KeyBank]

in enforcing the terms, conditions, or provisions [of the master agreement] or in

protecting [KeyBank's] rights." (Doc. 1-1 at 6). So KeyBank is entitled to attorney's

fees, costs, and non-taxable expenses. Any award of fees and non-taxable expenses,

however, is subject to KeyBank filing a supplemental motion on amount in

accordance with Local Rule 7.01(c).

KeyBank's motion requests—but does not substantiate—$1,140.60 as taxable

costs. The proper procedure is for KeyBank to present a verified bill of costs to the

clerk. *See* Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920. As such, KeyBank's request

for costs should be denied without prejudice subject to KeyBank filing—within a

reasonable time—a verified bill of costs with supporting documentation. *See*

*Hernandez v. Drop Runner, LLC.*, 8:23-cv-1302-TPB-JSS, 2023 WL 6626564, *6

(M.D. Fla. Sept. 25, 2023), *report and recommendation adopted sub nom.*, 2023 WL

8

6621046 (Oct. 11, 2023*)* (denying request for costs without prejudice to the filing of a bill of costs with the clerk).

## IV.   Conclusion

KeyBank's motion for default judgment (Doc. 19) should be **GRANTED IN PART** and the clerk should be directed to enter judgment for KeyBank in an amount equal to the sum of $1,170,951.06 **plus $218.79 for each day between the docketing of this R&R and the entry of judgment**. The clerk should also be directed to state in the judgment that post-judgment interest accrues at the rate of eighteen percent.[6] The remainder of KeyBank's motion (its unsubstantiated request for taxable costs) should be **DENIED without prejudice**. And with entitlement to fees and non-taxable expenses established, KeyBank should file its Local Rule 7.01(c) motion within fourteen days of an order adopting this report.

Recommended on February 21, 2024.

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**

---

[6] *See supra* note 5.