UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEYBANK NATIONAL ASSOCIATION,
successor by merger to
KEY EQUIPMENT FINANCE,

    Plaintiff,

v.                                         Case No: 2:22-cv-475-JLB-NPM

LODGE CONSTRUCTION, INC. and
CABOT L. DUNN JR.,

    Defendants.
_____/

## ORDER

    This matter comes before the Court on a Report and Recommendation (Doc. 31), recommending that the Court grant in part Plaintiff's Motion for Final Default Judgment (Doc. 19). After an independent review, the Court **ADOPTS in part** the Report and Recommendation, to the extent that (i) a default judgment will be entered against Defendants Lodge Construction, Inc. and Cabot L. Dunn, Jr.; and (ii) Plaintiff's request for costs is denied without prejudice to Plaintiff submitting a verified bill of costs. *See* 28 U.S.C. § 636(b)(1) (providing that a district judge "may accept, reject, or modify, in whole or in part" the magistrate judge's report and recommendation). The Court, however, reserves its decision on the amount of the judgment pending further submission from Plaintiff.

    The Magistrate Judge correctly directed Plaintiff to provide additional information as to its calculation of the judgment amount. (*See* Doc. 27). Plaintiff

responded, but did so only through attorney briefing. (*See* Doc. 30). The Court recognizes that Plaintiff previously provided an affidavit from a bank official, but that affidavit only supplied certain information. (*See* Doc. 19-1). Therefore, out of an abundance of caution, the Court directs Plaintiff to submit <u>detailed affidavits</u>, together with <u>supporting documentation</u>, as to each input in its calculation, including (but not limited to): (i) the default date; (ii) the balance due as of the default date; (iii) the sale of the collateral; (iv) the insurance proceeds; (v) its interest calculations; and (vi) its requested judgment amount. *See, e.g., Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985).

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation (Doc. 31) is **ADOPTED in part**, to the extent stated above.

2. Plaintiff's Motion for Final Default Judgment (Doc. 19) is **GRANTED in part,** to the extent that a default judgment will be entered against Defendants Lodge Construction, Inc. and Cabot L. Dunn, Jr., and it is otherwise **DENIED in part without prejudice.**

3. The Court reserves its decision on the amount of the judgment. Plaintiff is **DIRECTED** to file its detailed affidavits and supporting documentation as to each input in its judgment amount calculation within 30 days of this Order.

4. Plaintiff may file any Local Rule 7.01(c) motion within 14 days of this Court's Order resolving the judgment amount.

5. The Clerk of Court is **DIRECTED** to mail a copy of this Order to both Defendants Lodge Construction, Inc. and Cabot L. Dunn, Jr., at the service address listed in Doc. 14.

**ORDERED** at Fort Myers, Florida on March 15, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE