UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEYBANK NATIONAL ASSOCIATION,
successor by merger to
KEY EQUIPMENT FINANCE,

     Plaintiff,

v.                                                                    Case No: 2:22-cv-475-JLB-NPM

LODGE CONSTRUCTION, INC. and
CABOT L. DUNN JR.,

     Defendants.

_____/

## **ORDER**

This Court previously entered an Order determining that a default judgment

would be entered against Defendants Lodge Construction, Inc. and Cabot L. Dunn,

Jr. (Doc. 32). The Court reserved its decision on the damages amount pending the

submission of "detailed affidavits and supporting documentation as to each input in

[Plaintiff's] judgment amount calculation." (*Id.* at 2). Plaintiff's affidavits filed in

response to the Court's Order do not constitute detailed affidavits with supporting

documentation as to each input of Plaintiff's damages calculation. (*See* Doc. 33;

Doc. 34). Accordingly, within 30 days of the date of this Order, Plaintiff shall

submit detailed affidavits and supporting documentation establishing each input in

its judgment amount calculation.

The Eleventh Circuit has explained that, in a default judgment case, a

district court "has an obligation to assure that there is a legitimate basis for any

damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).  A court may award damages without a hearing in a default-judgment case if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985) (citation and internal quotation marks omitted).  But as the Eleventh Circuit has made clear, "[d]amages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Id.* at 1544 (citation and internal quotation marks omitted).

Here, Plaintiff seeks damages comprised of the amount Defendants owe on defaulted equipment loans, plus interest, which Plaintiff has calculated to be $1,170,951.06 as of February 21, 2024.  (Doc. 30 at 5–8; *see* Doc. 1 at 2–6).  To calculate the amount owed, Plaintiff has used the following inputs:

- The loan default date

- The principal balance due

- The proceeds from the sale of collateral

- The proceeds from a settlement

- The interest rate, and

- Its interest calculations.

(*See, e.g.,* Doc. 30 at 5–8).

Based on a review of Plaintiff's submissions, however, Plaintiff has not established each of these inputs by detailed affidavits with supporting documentation.  Indeed, in response to the Court's previous Order requiring a

further showing (Doc. 32), Plaintiff has (i) re-filed the same affidavit of Glen

Bleeker, Plaintiff's Vice President Loan Workout Regional Manager IV (Doc. 34)

that it had previously submitted (Doc. 19-1) and the Court had reviewed (Doc. 32 at

2 (citing Doc. 19-1)); and (ii) has filed an affidavit of Plaintiff's counsel that largely

tracks Mr. Bleeker's affidavit (Doc. 33 at ¶¶ 5–21).  But Mr. Bleeker's affidavit

merely states the inputs in summary fashion—*i.e.*, it lists the date of Defendants'

default on the loans (February 1, 2022), the principal balance due (as of a different

date—April 30, 2013), the amount of the proceeds from the sale of collateral

(undated), the amount of litigation settlement proceeds (undated), and an accrued

interest amount (as of February 28, 2023)—with no further explanation or

documentation to support the data or the calculations asserted therein.  (*See* Doc.

19-1 at ¶¶ 16, 20 and exhibits thereto; Doc. 34 at ¶¶ 16, 20 and exhibits thereto).[1]

A plaintiff seeking damages in a default judgment cannot "merely *tell*[] the

Court in summary fashion what its damages are" but "must *show* the Court what

those damages are, how they are calculated, and where they come from. . . ."

*PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1294 (S.D. Ala.

2010) (emphasis in original).  Because Plaintiff has calculated what it asserts the

outstanding balance due to be, it can presumably supply cognizable evidence to

support its calculations.  *See id.* at 1293–94 (rejecting conclusory declaration to

support default-judgment damages and requiring "a detailed evidentiary

---

[1]      Plaintiff's counsel later supplied an interest calculation, but counsel stated—
and used—a different default date (May 1, 2014) than the default date (February 1,
2022) stated in Mr. Bleeker's affidavit and alleged in the Complaint.  (*Compare* Doc.
30 at 6–8, *with* Doc. 19-1 at ¶ 16; Doc. 1 at ¶¶ 18, 25, 31).

submission demonstrating the nature, source, factual basis, and method and manner of computation of each component of money damages sought by a plaintiff in default judgment proceedings").  Without that showing on the record here, however, Plaintiff has not established the damages amount it seeks.  *See Adolph Coors Co.*, 777 F.2d at 1543–44.

Accordingly, it is **ORDERED** that:

Plaintiff is **DIRECTED,** within 30 days of the date of this Order, to file its detailed affidavits and supporting documentation establishing each input in its damages amount calculation.

**ORDERED** at Fort Myers, Florida on April 25, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

4