UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEYBANK NATIONAL ASSOCIATION,
successor by merger to
KEY EQUIPMENT FINANCE,

    Plaintiff,

v.                                                                                          Case No: 2:22-cv-475-JLB-NPM

LODGE CONSTRUCTION, INC. and
CABOT L. DUNN JR.,

    Defendants.
_____/

## ORDER

The Court previously adopted in part the Magistrate Judge's Report and Recommendation (Doc. 31), agreeing that a default judgment would be entered against Defendants Lodge Construction, Inc. and Cabot L. Dunn, Jr., but reserving its decision on the amount of the judgment pending further submission from Plaintiff Keybank National Association ("Plaintiff" or "KeyBank"). (Doc. 32; *see* Doc. 35). After a consideration of Plaintiff's amended affidavit and supporting documentation (Doc. 38; Doc. 38-1), the Court will direct the Clerk of Court to enter judgment for Plaintiff as set forth herein.

## LEGAL STANDARDS

The Eleventh Circuit has explained that, in a default judgment case, a district court "has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266

(11th Cir. 2003). A court may award damages without a hearing in a default-judgment case if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985) (citation and internal quotation marks omitted). But as the Eleventh Circuit has made clear, "[d]amages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Id.* at 1544 (citation and internal quotation marks omitted).

## DISCUSSION

KeyBank brought this suit against Lodge Construction, Inc., and its guarantor Cabot L. Dunn, Jr., for the failure to make full payment on loans for the purchase of certain construction equipment. (*See* Doc. 1 at 2–6). In its Complaint, KeyBank has requested "damages in the minimum amount of $1,043,395.42, plus accruing interest including post-judgment interest at the legal rate of interest," and "attorneys' fees and costs of suit according to proof as provided for by written agreement." (*Id.* at 8).

The question at issue here is the damages amount—the amount Defendants owe under the loans at issue—to be included in the default judgment. (*See* Doc. 32; Doc. 35). That answer has been documented most directly through the amended affidavit of Glen Bleeker, Plaintiff's Vice President Loan Workout Regional Manager IV, and the eleventh (and final) amendment to the forbearance agreement attached thereto. (*See* Doc. 38 at ¶¶ 17, 28; Doc. 38-1 at 128–32 (hereinafter "eleventh forbearance agreement")). Mr. Bleeker attests that the eleventh

2

forbearance agreement provided to this Court is a true and correct copy of the agreement that was entered into by the parties. (Doc. 38 at ¶ 28). The eleventh forbearance agreement bears the signatures of Mr. Bleeker, Vice President of KeyBank, and of Mr. Dunn, as President of Lodge Construction, Inc., and individually as guarantor. (Doc. 38-1 at 132). Notably, the eleventh forbearance agreement specifies the outstanding balance of the loans in question as of July 20, 2021, and documents the calculations used to arrive at this balance as follows:

| | |
|---|---|
| Balance due on loans | $688,253.29 |
| Less net collateral proceeds | ($132,381.02) |
| **Net outstanding balance as of April 30, 2014** | $555,872.27 |
| Accrued interest (5/1/14–12/18/14) | +$61,701.82 |
| **Net outstanding balance as of December 18, 2014** | $617,574.09 |
| Less settlement proceeds | ($180,000) |
| **Post settlement net outstanding balance** | $437,574.09 |
| Accrued interest (12/18/14–7/20/2021) | +$526,401.63 |
| **Net outstanding balance as of July 20, 2021** | **$963,975.72** |

(*Id.* at 129). This forbearance agreement also reports that the "per diem interest accrual is $218.79." (*Id.*)

The eleventh forbearance agreement's inputs and calculation of the balance due as of July 20, 2021, *match* the Report and Recommendation's inputs and calculation of the balance due through July 20, 2021. (*Compare* Doc. 38-1 at 129, *with* Doc. 31 at 6–7 & n.4). The eleventh forbearance agreement further confirms the Report and Recommendation's per diem interest of $218.79 beginning on

3

December 18, 2014 (*compare* Doc. 38-1 at 129, *with* Doc. 31 at 7), which reflects an interest rate of 18%. (*See* Doc. 31 at 7).[1]

After July 20, 2021, the only adjustment to the outstanding balance reported by KeyBank is the ongoing accrual of interest. (*See* Doc. 38 at 8–11).[2] KeyBank, through calculations attached to the amended affidavit of Mr. Bleeker, KeyBank reports that $208,722.85 in interest has accrued from July 21, 2021, through February 29, 2024. (*See* Doc. 38-1 at 140–41 (adding the interest amounts shown from July 21, 2021, through February 29, 2024)). Indeed, multiplying the number of days (954 days from July 21, 2021, through February 29, 2024) by the per diem interest ($218.787045) results in an accrued interest amount of $208,722.84.[3]

Adding the eleventh forbearance agreement's balance due as of July 20, 2021 ($963,975.72) plus the interest that accrued from July 21, 2021, through February 29, 2024 ($208,722.84), yields an outstanding balance of $1,172,698.56 as of February 29, 2024. (*See also* Doc. 38 at 11 (reporting an outstanding balance of $1,172,698.56)). The Court will accordingly direct the Clerk of Court to enter

---

[1]   As detailed in the Report and Recommendation, for the period between December 18, 2014, and July 20, 2021, KeyBank calculated the interest by multiplying the then-principal balance ($437,574.09) by 18%/360 days, which equals to $218.79 per day (or $218.787045 unrounded). (*See id.* at 6–7 & n.5)

[2]   The sale of collateral and the receipt of the settlement proceeds had occurred before July 20, 2021. (*See id.* at 9–11; Doc. 38-1 at 129, 134, 136, 140–41).

[3]   It appears from KeyBank's calculations that it has used the unrounded per diem interest of $218.787045. (*See* Doc. 38-1 at 140–41).

4

judgment for KeyBank in the amount of $1,172,698.56 as of February 29, 2024, plus **$218.79** in per diem interest after that date.

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. The Clerk of Court is DIRECTED to (i) enter judgment for the Plaintiff in the amount of $1,172,698.56 as of February 29, 2024, plus **$218.79** in per diem interest after that date, and (ii) mail a copy of this Order and the judgment to both Defendants Lodge Construction, Inc. and Cabot L. Dunn, Jr., at the service address listed in Doc. 14.

2. Plaintiff may file any Local Rule 7.01(c) motion for fees and costs within 14 days of this Order.

**ORDERED** at Fort Myers, Florida on July 24, 2024.

_____
**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE